IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ODUM CARTER,

    Plaintiff,

  v.

DAVID MAHONEY and
DANE COUNTY,

    Defendants.

OPINION AND ORDER

Case No. 18-cv-183-wmc

    Plaintiff Odum Carter has been granted leave to proceed on constitutional claims against defendants Dane County and its then sheriff David Mahoney for knowingly exposing him to unsafe levels of lead in the drinking water while held at the Dane County Jail in 2018. Before the court is defendants' motion for summary judgment on the grounds that Carter failed to exhaust his administrative remedies. (Dkt. #30.) Because Carter failed to appeal his grievances raises concerning about the drinking water at the jail, the court will grant this motion.

OPINION

    Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought . . . under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally speaking, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), *and* filing all necessary appeals

"in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.  Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants.  *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

During the relevant time, Dane County Jail Policy 607.07 governed inmate grievances.  That policy includes a subsection entitled "Grievance Finding Determinations" that lists the possible ways jail officials may resolve grievances.  Among the options are (1) to deem the grievance "Not Substantiated" because there is "insufficient evidence to either prove or disprove the allegations," and (2) "Resolved with Complainant" because "the complaint has been resolved with the complainant, [and] no further action is required." (Dkt. #32-1, at 3.)  Policy 607.07 also provides that inmates who are dissatisfied with the jail's response to their initial grievance to appeal that decision within five business days of its receipt.

On December 27, 2017, Carter filed two grievances (##12044198 and 1204506) alleging that every time he drank water it tasted like metal; he was experiencing severe stomach pain; and he was coughing up blood.  (Dkt. #32-2, at 9, 11.)  In the first grievance, Carter even advises that his family has "been talking to [a] lawyer [and] they say this is a lawsuit, so I'm taking you to court."  (*Id*. at 9.)  In response to both grievances, the reviewing officer concluded that Carter's allegations were not substantiated, and the officer wrote that jail officials had taken steps to remediate the water supply.  Carter did not appeal the response to either of these grievances.

2

In a third grievance filed the following day, December 28 (#12046800), Carter wrote that when he asked a nurse to check his blood because the water tasted like metal, she allegedly laughed and walked away. (*Id.* at 13.) In response, the handling officer checked the box indicating the issue was "Resolved with Complainant," writing that he should (1) run his water for a full two minutes before consuming it and (2) submit a medical slip for routine medical issues. (*Id.* at 14.) Carter did not appeal that response.

Although Carter alleged concerns about lead in the water in each of his three grievances, defendants argue that summary judgment is appropriate because he failed to appeal any of the responses. Defendants are obviously correct with respect to Carter's first two grievances, but Carter argues that Policy 607.07 did not require him to appeal the resolution of grievance #12046800 because it was marked "Resolved with Complainant," meaning "no further action is required." (Dkt. #32-1, at 3.) This policy language *could* be reasonably interpreted to mean that with the grievance resolved, the inmate does not need to take any additional steps to exhaust by appealing. *See Hill v. Snyder*, 817 F.3d 1037, 1040 (7th Cir. 2016) ("Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about."). In these circumstances, the logic of this is difficult to follow, since Carter claims in this lawsuit that the matter was not at all "resolved" and, therefore, the obvious next step would seem to be to appeal that disposition. Still, defendants do not direct the court to any other policy statement that would have expressly notified Carter that he needed to appeal the grievance after being deemed "resolved," albeit without his consent, nor cited case law as to why this arguable ambiguity should be construed in their favor.

3

However, the court need not resolve that question because Carter's third, very specific grievance with respect to an individual nurse laughing off his informal, oral request for a blood test because "the water taste[s] like metal" is not enough to have preserved his broader grievances against Dane County and its then sheriff, especially after that broader claim had been expressly denied *twice* the day before without appeal. To hold otherwise would be to let the tail wag the dog, even for a *pro se* litigant. First, there is the actual disposition of the last grievance, which unlike his two, formal denials the day before, contained *no* ruling as to his broader grievance that the water quality in the jail as a whole is tainted. As to both of those grievances, Carter was told:

> I have reviewed your grievance in regards to continued concerns about the water supply in the Dane County Jail, City County Building. Since the time initial concerns were raised, the Dane County Sheriff's Office has worked diligently with the Public Health Department to conduct testing of the hot and cold water supply of all areas and individual cells. I am pleased to inform you that over 95 percent of the water lines were within established standards. Of the less than 5 percent of water lines which had slightly elevated lead levels, aggressive mitigation steps have been implemented to include some individual cells being taken out of service, filter installation and pipe and fixture replacement. Additional steps such as quarterly water testing and evaluation are being implemented to ensure the health and safety of those consuming the water. Informational stickers will also be displayed in each cell the Department of Public Health recommendations to run all water for 1-2 minutes or until it gets cold prior to drinking and not using hot water for consumption. The Dane County Sheriff's Office strongly encourages all individuals to follow these procedures at all times. I appreciate your patience while this issue was addressed. Please know that the Dane County Sheriff's Office takes its responsibility to care for and protect inmates within its custody very seriously. Hopefully this information will help to alleviate your concerns regarding the water supply in the Dane County Jail, City County Building.

(Dkt. #32-2, at 10, 12.) In contrast, as to his grievance the next day, Carter was merely advised:

4

> Mr. Carter, the appropriate procedure for receiving routine medical care is to complete a medical request slip so your issues can be addressed by a medical staff member in the medical clinic. Please allow your water to run for a full 2 minutes before consuming it. In reviewing your medical record, it appears that you submitted a medical request slip regarding this issue on 12-26-17. The request was triaged on 12-27-17 and you were escorted to the medical office for an assessment on 12-28-17. Thank you.

(*Id*. at 14.) Thus, just as plaintiff was advised, the responses to his two 12/27/17 grievances were denials on the merits of the very claim he wishes to pursue now against Dane County and its then sheriff, while the latter 12/28/17 grievance was resolved informally by simply advising that he should follow normal procedures if he wants "routing medical care" by completing a medical request slip.

Next, even if this latter disposition exhausted a claim, it was a claim concerning only an individual nurse's responding unreasonably to his request for a blood test. However, this court granted plaintiff leave to proceed with his larger claim against Dane County and Mahoney, not against an individual nurse for denial of specific medical care. Indeed, he would need to file a new lawsuit to pursue it if that is plaintiff's actual claim.[1]

Finally, having *chosen* not to exhaust either of his two, direct grievances made just the day before, and having been expressly given the chance to still seek medical care through ordinary means (i.e., a written medical request slip), it is simply not credible that plaintiff understood he had been relieved of any further obligation to appeal through the administrative process simply because he was advised that his grievance about a lack of medical follow up had been "resolved" with "no further action necessary," much less that

---

[1] In fairness, that claim would appear frivolous on its face, despite the unnecessary harshness of the nurse to his initial, oral request for a blood draw.

defendants here had been given notice that plaintiff intended to pursue his larger claim by virtue of the informal resolution of that later grievance. On the contrary, the difference between the responses to the substantial grievances on December 27 and the response to the procedural grievance on December 28 (both quoted above) definitively establish that the grievances were *understood* to be wholly unrelated.

For all these reasons, plaintiff failed to exhaust his administrative remedies, and the court will grant defendants' motion for summary judgment. Carter's claims in this lawsuit will be dismissed without prejudice. *See Ford v.* Johnson, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice"). The court, however, understands that this dismissal will function as one with prejudice, since it would be too late for Carter to exhaust his claims in this lawsuit now. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar reinstatement of the suit unless it is too late to exhaust.") (citations omitted).

ORDER

IT IS ORDERED that defendants' motion for summary judgment (dkt. #30) is GRANTED.

Entered this 23rd day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

6